UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　Plaintiff/Respondent,<br><br>　　v.<br><br>RIGOBERTO BAEZ RIVERA (3),<br><br>　　Defendant/Petitioner. | NO. CR-05-2075-EFS-3<br>(NO. CV-09-3105-EFS)<br><br>**ORDER GRANTING MR. RIVERA'S MOTION FOR EXCESS PAGES BUT DENYING MOTION UNDER 28 U.S.C. § 2255 TO VACATE SENTENCE** |

　　BEFORE THE COURT are Petitioner Rigoberto Baez Rivera's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Ct. Rec. 1728), Motion to File Excess Pages (Ct. Rec. 1724), and Motion to Proceed In Forma Pauperis (Ct. Rec. 1726).  Mr. Rivera challenges the leader/organizer role-in-the-offense sentencing enhancement by arguing that the Government breached the plea agreement by seeking the enhancement, the Court failed to support the enhancement with specific findings, and defense counsel failed to object to and appeal the application of the enhancement.  Mr. Rivera also argues that he was prejudiced by defense counsels' failure to present a staleness challenge to the affidavits submitted in support of the wiretap search warrants.

ORDER ~ 1

**A.  Background**

On March 7, 2006, Mr. Rivera pled guilty to conspiracy to distribute more than 500 grams of a mixture or substance containing a detectible amount of methamphetamine in violation of 21 U.S.C. § 846.  (Ct. Rec. 1092.)  The Court sentenced Mr. Rivera on August 21, 2006, to 168 months imprisonment and 5 years supervised release.  (Ct. Rec. 1429.)  Mr. Rivera's direct appeal was denied (Ct. Rec. 1697).

**B.  Preliminary Motions**

The Court finds good cause to grant Mr. Rivera's Motion to File Excess Pages (Ct. Rec. 1724).  The Court denies as moot Mr. Rivera's Motion to Proceed In Forma Pauperis (Ct. Rec. 1726) because he was granted in forma pauperis status during the underlying criminal proceeding.

**C.  Review Standard**

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts, the Court must examine a § 2255 motion and the record to determine whether summary dismissal is warranted.  Rule 4(b), 28 U.S.C. foll. § 2255.  "If it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief in the district court, the judge shall make an order for its summary dismissal." *Id.*; *see also Baumann v. United States*, 692 F.2d 565, 571 (9th Cir. 1982).

**C.  Analysis**

Viewing the record under this standard, the Court denies Mr. Rivera habeas relief. Mr. Rivera is plainly not entitled to relief on his first

ORDER ~ 2

and second claims relating to the leader/organizer sentencing enhancement. First, the parties did not agree that the Government could not seek a role-in-the-offense sentencing enhancement. Rather, the Plea Agreement stated, "The Defendant understands that the government will be recommending a *three level enhancement* as a *leader and organizer* of a criminal activity that involved five or more participants, pursuant to USSG § 3B1.1(a)." (Ct. Rec. 1092 (emphasis added.)) This provision is ambiguous because a three-level enhancement applies to a manager/supervisor whereas a leader/organizer receives a four-level enhancement. Notwithstanding this ambiguity, it is clear that the Government was free to seek an "aggravating" role-in-the-offense enhancement. Therefore, the Government did not breach the Plea Agreement by presenting evidence at the sentencing hearing to support an "aggravating role" sentencing enhancement. It was within this Court's sentencing discretion, after considering the presented evidence, to determine what aggravating-role enhancement to apply; the Court was not bound by the Plea Agreement. Second, Defendant already challenged the Court's four-level organizer/leader sentencing enhancement on direct appeal. The Ninth Circuit affirmed the district court's application of this enhancement, finding sufficient facts to support the enhancement. Lastly, because Mr. Rivera's "aggravating role" sentencing-enhancement challenge is meritless, he cannot now argue on collateral review that counsel provided ineffective assistance in connection with this issue. *See United States v. Redd*, 225 F.3d 664, 701 (9th Cir. 2000).

Mr. Rivera's final habeas claim is that counsel provided ineffective assistance by failing to argue that the information contained within

Agent John Schrock's affidavits submitted to obtain wiretap warrants was stale.[1]  An affidavit contains stale information if it fails to contain facts "'so closely related to the time of the issue of the warrant as to justify a finding of probable cause at that time.'" *Durham v. United States*, 403 F.2d 190, 193 (9th Cir. 1968).  Agent Schrock signed an affidavit on March 14, 2005, to support the issuance of a wiretap application on two cell phones, one of which was subscribed to and operated by Rigoberto Rivera (Ct. Rec. 710-4 p. 52); a district court judge authorized wiretapping these two telephones later that day.[2]  This affidavit details, in part, a) 1996 and 1998 traffic stops of Mr. Rivera's vehicle during which a significant amount of cash, a drug ledger, and/or drugs were found and b) searches conducted in August 1999 and October 2002 of a co-Defendant's residence during which drugs, a significant amount of cash, and firearms were seized.  Mr. Rivera argues this information is too old to consider in a 2005 search warrant

---

[1]  The legal authority for Mr. Rivera's stale-affidavit claim is found in co-Defendant Gilberto Baez Rivera's habeas memorandum (Ct. Rec. 1736).

[2]  In April 2005, Agent Schrock sought and obtained wiretaps for three other telephones, two of which were subscribed to and used by Rigoberto Rivera.  Because the information contained in these two subsequent affidavits was substantially similar to the March 14, 2005 affidavit, absent the recently-obtained investigative information, the Court analyzes Mr. Rivera's staleness argument only as it relates to the initial March 14, 2005 affidavit.

ORDER ~ 4

application and highlights that neither drug possession nor drug trafficking convictions were obtained based on this evidence.

The Affidavit, however, discusses at great length the results of the federal investigation that began in August 2003 of the Rivera drug trafficking organization. This federal investigation included pen registers, confidential sources, sources of information, arranged drug purchases, physical surveillance, use of an undercover agent, and trash runs. Agent Schrock's affidavit details the results of this investigation. In pertinent part, the affidavit includes the following information about Mr. Rivera:

- "In July 2003, [a confidential source] provided information regarding the RIVERA drug trafficking organization . . . . [The confidential source] identified SABINO as "the brains" behind the organization, that GILBERTO was "in-charge" and that RIGOBERTO was a cocaine user. [The confidential source] stated that on one occasion between one and two years prior to July 2003, [the confidential source], GILBERTO and RIGOBERTO went into a backroom at the Besame Mucho Bar and Grill where they showed [the confidential source] a kilogram of cocaine. [The confidential source] stated that the RIVERA's had additional cocaine to distribute." (Ct. Rec. 710-4: Affidavit p. 13.)

- "[T]he sequence of events [since November 2004] pertaining to the most recent of those four controlled buys, and an analysis of pen register information of TARGET TELEPHONE 1 during the time frame of that transaction, reveals that RIGOBERTO was involved in the cocaine transaction and that he utilizes TARGET TELEPHONE 2 to coordinate his narcotics-related activities." *Id.* p. 9.

- On January 27, 2005, Rigoberto Rivera was observed conducting "'heat check' counter-surveillance." *Id.* pp. 24 & 25.

- On January 27, 2005, " . . . GERARDO contacted RIGOBERTO at RIGOBERTO's TARGET TELEPHONE 2 to further coordinate the [cocaine] transaction. . . . [T]he cocaine was likely being stored at GILBERTO's residence and that GERARDO, GILBERTO, and RIGOBERTO met at GILBERTO's residence to further coordinate and process the transaction." *Id.* p. 25.

ORDER ~ 5

After reviewing the affidavit in its totality, the Court finds Mr. Rivera cannot succeed on a staleness argument.  Because the Affidavit detailed "the existence of a widespread, firmly entrenched, and ongoing narcotics operation" and identified Mr. Rivera's role in such, the Court concludes that the record conclusively shows that Mr. Rivera will not succeed on his Fourth Amendment staleness argument.  Likewise, the Court determines that defense counsels' decision to not present a staleness argument either pretrial or on appeal was objectively reasonable. *See Strickland v. Washington*, 466 U.S. 668, 687-88 (1984) ("When a convicted defendant complains of ineffectiveness of counsel's assistance, the defendant must show that counsel's representation fell below an objective standard of reasonableness.")

For the above-given reasons, **IT IS HEREBY ORDERED**:

1. Mr. Rivera's Motion to File Excess Pages **(Ct. Rec. 1724)** is **GRANTED**.

2. Mr. Rivera's Motion to Proceed In Forma Pauperis **(Ct. Rec. 1726)** is **DENIED AS MOOT**.

3. Mr. Rivera's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody **(Ct. Rec. 1728)** is **DENIED**.

4. The Court **DECLINES** to issue a certificate of appealability.

5. The related civil case file is to be **CLOSED**.

**IT IS SO ORDERED**.  The District Court Executive is directed to

A. Enter this Order; and

///

///

ORDER ~ 6

B. Provide a copy of this Order to counsel and Mr. Rivera at the following address:

>Rigoberto Baez Rivera
>Reg. # 16254-085
>F.C.I. Sheridan
>P. O. Box 5000
>Sheridan, OR 97378.

**DATED** this ___1st___ day of March 2010.

                         S/ Edward F. Shea
                         EDWARD F. SHEA
                    United States District Judge

Q:\Criminal\2005\2075.3.habeas.2255.deny.wpd

ORDER ~ 7